## ORBE BRYANT v. STATE.

No. A-5144.   Opinion Filed Oct. 30, 1925.)
(240 Pac. 658.)

Anglin & Stevenson, for plaintiff in error.

George F. Short, Atty. Gen., for the State.

EDWARDS, J.   From a conviction in the district court of Hughes county on a charge of robbery, the plaintiff in error, hereinafter called defendant, has appealed.

This case was tried in November, 1923, and the appeal filed in this court in April, 1924.   No brief has been filed by the defendant in support of the assignments of error and no appearance for oral argument made.   It is the settled policy of this court where there has been a conviction for a felony and the appeal is not briefed nor oral argument made, the court will not search the record for errors on which to predicate a reversal, but will examine the record for jurisdictional errors, and will read the evidence to ascertain if it supports the verdict, and, if no jurisdictional defect appears and the evidence supports the verdict, the judgment will be affirmed.

We have examined the record, and find that the infor-

mation properly charges the offense for which the defendant was convicted. The trial was orderly, the instructions properly charged the law, and no exceptions are noted. We have read the evidence which discloses a state of facts about as follows: That the prosecuting witness on the day the robbery was charged, had sold some hogs, and, between sundown and dark, was on the road home when he was stopped by some person, blacked up as a negro, whom he identified as the defendant, who pointed a gun at him, required him to halt, get out of the wagon, and who then took the money out of his pocket. As soon as the complaining witness could notify officers they went to the place where the defendant was staying, found him upstairs in bed apparently asleep. The officer testified that he had smut across his cheeks, under his eyes, a stripe on his face and a stripe behind his ear, and his throat was black; that he had blacking on his face was corroborated in part by the jailer where the defendant was taken. The defendant denies any connection or knowledge of any robbery and offered evidence tending to prove an alibi. The evidence presents a question of fact, and its weight and credibility was for the jury; it was for them to say whom they would believe or disbelieve. There is no reason apparent why this court should disturb the verdict.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.